**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| GERALD AKARI ANGYE, *et al.*, Plaintiffs, v. U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, Defendants. | Case No. 3:26-cv-1515 |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND TO SEAL DECLARANTS' IDENTITIES**

Defendants, by and through their respective undersigned counsel, hereby oppose Plaintiffs' motion for leave to proceed under pseudonym and to seal Declarants' identities. "There is a strong presumption against allowing parties to use a pseudonym." *Doe v. Aguire*, No. 2:25-CV-137, 2025 WL 3122259, at *1 (S.D. Miss. Nov. 6, 2025) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)) ("*SMU*") (further citations omitted). As a general rule, the Federal Rules of Civil Procedure require plaintiffs to disclose their names in the instrument they file to commence a lawsuit. *Id.* (citing Fed. R. Civ. P. 10(a); *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Id.* (quoting *Stegall*, 653 F.2d at 185). "In rare cases, circumstances permit a court to allow a plaintiff to proceed anonymously." *Id.*

"It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884, at *4 (W.D. La. Dec. 18, 2024), *report and recommendation adopted*, No. 3:23-CV-01279, 2025 WL 27615 (W.D. La. Jan. 3, 2025) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). Courts have allowed plaintiffs to proceed under pseudonyms under certain special circumstances when the cases involved "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *Id.* (citing *SMU*, 599 F.2d at 712-13). There is no hard and fast formula for ascertaining whether a party may sue anonymously; the decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally embedded presumption of openness in judicial proceedings. *Id.* The Fifth Circuit has identified three factors that may be considered in determining whether a party may proceed under a pseudonym: (1) whether the plaintiff is challenging governmental activity; (2)

whether the case requires the disclosure of information that is "of the utmost intimacy"; and (3) whether the case may result in the admission of the plaintiff's "intention to engage in illegal conduct." *Aguire,* 2025 WL 3122259 at \*1 (citing *Stegall*, 653 F.2d at 186).

Plaintiffs seek leave for Plaintiff ZOR and declarants NYG, SNM, PKP, UEG, LLH, RES, HOK, CCD, and LLE ("Anonymous Declarants") to proceed under pseudonyms and to file redacted exhibits in the public record. ECF No. 3 ("Mot.") at 1. Plaintiffs also move the Court to order Defendants to maintain the confidentiality of ZOR, NYG, SNM, PKP, UEG, LLH, RES, HOK, CCD and JLE's identities by using only their pseudonyms in all of their filings, including redacting exhibits in which their names or A-numbers appear. *Id.* There is a strong presumption that the proceedings and records should be subject to public scrutiny, and several circuits, including the Fifth, have recognized that the public has a broad right of access to court proceedings, both civil and criminal, stemming from the First Amendment. *Roe*, 2024 WL 5278884, at \*3 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) and *Stegall*, 653 F.2d at 185). Plaintiffs have not overcome that strong presumption to override the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. *Roe*, 2024 WL 5278884, at \*3 (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)).

Plaintiffs contend that they and the Anonymous Declarants have disclosed sensitive and highly personal information which justifies proceeding anonymously. Mot. at 5. Specifically, Plaintiffs argue that the "immigration status of any sort is incredibly sensitive, and its revelation can subject an individual to adverse consequences including 'criminal prosecution, harassment, and intimidation.'" *Id.* at 5-6. However, Plaintiffs fail to show how "immigration status of any sort" raises the same privacy concerns as the information at issue in cases where pseudonyms have been allowed. *See id.*; *Cf. SMU*, 599 F.2d at 712–13 (noting "birth control, abortion,

homosexuality, [and] the welfare rights of illegitimate children or abandoned families" as examples of "matters of a sensitive and highly personal nature" (footnotes omitted)). Accordingly, Plaintiffs' contention that their immigration status, in and of itself, and those of the Anonymous Declarants overrides the public's legitimate interest in knowing the identities of the parties lacks merit. Plaintiffs note that "all Plaintiffs are or were in immigration detention," so "if their identities were revealed, sensitive information about their immigration status will be immediately ascertainable from their participation in the case." Mot. at 6. However, the fact that three of the four named Plaintiffs are proceeding under their identities, despite being in immigration detention, undermines Plaintiffs' contentions. *See* ECF No. 1 at ¶¶ 19-21.

Plaintiffs' other arguments fail to show that their case is "the exceptional case in which a plaintiff may proceed under a fictitious name." Plaintiffs argue that 8 C.F.R. § 208.6(b) supports the granting of their motion to proceed under pseudonyms and to file redacted exhibits in the public record. Mot. at 6. However, while 8 C.F.R. § 208.6(b) prohibits DHS and the Executive Office for Immigration Review from disclosing records that indicate that a specific alien has applied for particular forms of immigration relief, Plaintiffs do not persuasively show how this exclusive restriction on the government demonstrates that they may broadly shield their identities from the public by proceeding anonymously. Plaintiffs fail to cite any case law supporting this argument. *See id.* Plaintiffs' argument that the declarants' experience and personal information, *see* Mot. at 6, also fails to overcome the strong presumption against allowing parties to use a pseudonym. In Plaintiffs' cited case, *Doe v. Barr*, 479 F.Supp.3d 20 (S.D. N.Y. 2020), the court found that "the underlying facts of Doe's petition are highly sensitive and personal, involving his HIV status, history of abuse, and history of mental illness." However, the underlying facts of the declarants'

experience and personal information, as described by Plaintiffs in their motion, do not show that "highly sensitive and personal" information that warrants anonymity.

The claim that the Government will retaliate against the Plaintiffs and declarants, *see* Mot. at 7, goes against the presumption of regularity and strong evidence is required to displace that presumption. *United States v. Chem Found, Inc.*, 272 U.S. 1, 14-15 (1926). Plaintiffs have not shown why they are more at risk than the thousands of aliens who sue the Government in habeas, over denied benefits, or other challenges to agency action. If generalized and speculative allegations of retaliation were sufficient to justify anonymity, virtually every lawsuit challenging governmental action or the denial of government benefits would warrant proceeding under a pseudonym. Allegations of potential retaliation and a generalized fear, both of which would apply to every lawsuit challenging a policy or the denial of a government benefit, are not sufficient. *See United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007) (""[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.""); *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 279 (D. Md. 2012) ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'") (quotation omitted). Plaintiffs allege that they and declarants "could face deportation in retaliation for their participation in this suit." Mot. at 8. This allegation misses the mark. Plaintiffs and declarants were detained by Immigration and Customs Enforcement for the purposes of removal or removal proceedings.

Plaintiffs identify no evidence that participation in this litigation materially alters their existing immigration status or subjects them to any legal consequence beyond those already attendant to their pending immigration proceedings. Plaintiffs argue that they fear "physical harm, harassment, and social stigma from the public." Mot. at 9. Their motion cites that over half of hate

crimes in 2023 in Texas were motivated by race, ethnicity, and ancestry. *Id*. Generalized statewide hate-crime statistics do not establish that these Plaintiffs face a concrete, individualized risk of harm arising from participation in this litigation. Plaintiffs' argument is that litigating in the high-profile area of immigration entitles them to the use of pseudonyms. But debates over policies and politics do not warrant pseudonyms in civil litigation. And courts have found that litigating high-profile issues does not mean litigants are automatically entitled to pseudonyms. *See, e.g.*, *Brnovich v. Biden*, No. 21-CV-01568, 2021 U.S. Dist. LEXIS 255953, at *7-8 (D. Ariz. Dec. 15, 2021) (denying pseudonyms to federal employee suing the Biden administration over vaccine mandate); *Merten*, 219 F.R.D. at 394 (denying pseudonyms to aliens in "challeng[ing] Virginia's alleged policy of denying college admission to illegal aliens"). Indeed, many challenges involving issues that are just as controversial as this one, including those with minor plaintiffs, have not been pursued anonymously. *E.g.*, *Fisher v. Univ. of Tex.*, 579 U.S. 365 (2016) (challenge by named high school students to the University of Texas's affirmative action policies); *Kerry v. Din*, 576 U.S. 86 (2015) (challenge by named citizen to refusal to issue a visa to Taliban-affiliated spouse); *Zivotofsky v. Clinton*, 566 U.S. 189 (2012) (challenge by named 10-year-old plaintiff to refusal to list "Jerusalem, Israel" on his passport); *see also Doe v. Kamehameha Sch.*, No. 08-CV-00359, 2008 U.S. Dist. LEXIS 88594, at *23-24 (D. Haw. Oct. 28, 2008) ("The federal courts have heard many controversial education-related civil rights cases brought by minor plaintiffs who proceeded in their own names." (collecting cases)).

Plaintiffs likewise have not demonstrated that sealing the requested exhibits or otherwise restricting public access to judicial records is warranted. The public possesses a presumptive right of access to judicial proceedings and records, any departure from that presumption must be supported by a particularized showing that outweighs the public's interest in openness. The Fifth

Circuit has recognized a strong presumption in favor of public access to judicial proceedings and records. *See Binh Hoa Le v. Exeter Fin. Corp*; 990 F.3d 410, 419-20 (5th Cir. 2021); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). This presumption is particularly significant where, as here, the litigation challenges governmental conduct. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). Plaintiffs seek permission to proceed under pseudonyms and to file redacted exhibit, but they offer only generalized assertions regarding immigration status and speculative concerns regarding potential adverse consequences of disclosure. Such conclusory allegations do not overcome the public's presumptive right of access to judicial records. *See Van Waeyenberghe*, 990 F.2d at 848-49 (explaining that the public's right of access may both be overcome by unsupported assertions of confidentiality). Yet they do not identify any specific exhibit or category of information requiring sealing beyond the generalized concerns advanced in support of anonymity. Moreover, the public has a legitimate interest in knowing the identities of parties who involve jurisdiction of the federal courts, particularly in litigation concerning federal detention operations and alleged governmental misconduct. Plaintiffs have not demonstrated that their asserted privacy interests outweigh the customary and constitutionality embedded presumption of openness in judicial proceedings. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). Accordingly, Plaintiffs request to seal records or otherwise restrict public access should be denied.

Plaintiffs also seek an order requiring Defendants to maintain the confidentiality of the proposed pseudonymous parties and declarants throughout this litigation. The records relevant to Plaintiffs' claims are maintained and organized using individuals' actual identities rather than pseudonyms. Requiring the continued use of pseudonyms throughout discovery and evidentiary proceedings would constitute a significant departure from the ordinary rule that parties litigate in

their own name. Because pseudonymous litigation is reserved for exceptional circumstances, Plaintiffs bear the burden of demonstrating that their privacy interests substantially outweigh the public's interest in open judicial proceedings. *See S. Methodist Univ. Assn'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Plaintiffs have failed to make that showing here.

For all these reasons, Plaintiffs have not overcome the strong presumption favoring open judicial proceedings or demonstrated that this is the exceptional case warranting anonymity or sealing, thus the motion should be denied in its entirety.

DATED: July 7, 2026                          Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

*/s/ Brian V. Schaeffer*
BRIAN V. SCHAEFFER
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-7311
Brian.schaeffer@usdoj.gov

SHANE A. YOUNG
Trial Attorney

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 7, 2026, I electronically filed the foregoing document

with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic

filing to the following CM/ECF participant, and all other registered participants:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Kyle Virgien (*pro hac vice*)
Rita Lomio (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
npp_rlomio@aclu.org
npp_fhernandez@aclu.org

ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Fabiola Alvelais
Edgar Saldivar
Adriana Pinon
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

> */s/ Brian V. Schaeffer*
> BRIAN V. SCHAEFFER
> Trial Attorney
> U.S. Department of Justice, Civil Division
> Office of Immigration Litigation