**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| GERALD AKARI ANGYE, <br><br> *et al.*, <br><br>       Plaintiffs, <br><br>     v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br>       Defendants. | Case No. 3:26-cv-1515 |

**PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**REDACTED EXHIBITS**

Plaintiffs filed a Motion for Leave to Proceed Under Pseudonym and to Seal Declarants' Identities for one named Plaintiff and several declarants ("Pseudonym Motion" or "Ps. Mot"). ECF No. 3. Plaintiffs also filed a Motion for Limited Expedited Discovery that attaches exhibits containing the names and A-numbers of individuals requesting to proceed under pseudonyms. ECF No. 13. Presenting the same reasons set out in these motions, Plaintiffs file their Motion for Leave to File Redacted Exhibits. Plaintiffs seek to maintain the redactions in Exhibits C, F, H, I, J, K, O, P, Q, U, V, and W to the Declaration of Charlotte Weiss, ECF Nos. 13-7, 10, 12, 13, 14, 15, 19, 20, 21, 25, 26, and 27. ECF No. 14. For the same reasons set out in Defendants' Opposition to Plaintiffs' Pseudonym Motion, ECF No. 21 ("Pseudonym Opposition" or "Ps. Opp."), Defendants, by and through their respective undersigned counsel, hereby oppose this motion in part, as Defendants oppose redactions related to Plaintiffs' use of pseudonyms. Defendants do not oppose redactions related to personally identifiable information ("PII"), third parties, and potential class members.

Plaintiffs fail to persuasively show how their interests in privacy overcome the strong presumption to override the public's legitimate interest in knowing all of the facts involved in a case, including the identities of the parties. *See* ECF No. 14 at 1-2; *see also* Ps. Opp. at 3 (citing *Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884, at *3 (W.D. La. Dec. 18, 2024), *report and recommendation adopted*, No. 3:23-CV-01279, 2025 WL 27615 (W.D. La. Jan. 3, 2025) (further citation omitted). First, Plaintiffs' arguments that the government "faces no prejudice from this anonymity" and that "the information in the exhibits attached to [the Weiss] declaration is sensitive," *see* ECF No. 14 at 1 ("Motion" or "Mot."), do not persuasively show that the redacted information involving pseudonyms pertains to "matters of a sensitive and highly personal nature" such that withholding this information from the public is warranted. *See S.*

*Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (noting "birth control, abortion, homosexuality, [and] the welfare rights of illegitimate children or abandoned families" as examples of "matters of a sensitive and highly personal nature" (footnotes omitted)). The fact that three of the four named Plaintiffs are proceeding without pseudonyms, despite being in immigration detention, undermines Plaintiffs' arguments.

Second, the claim that the Government will retaliate against the Plaintiffs and declarants, *see* Mot. at 2, goes against the presumption of regularity and strong evidence is required to displace that presumption. *United States v. Chem Found, Inc.*, 272 U.S. 1, 14-15 (1926). Plaintiffs have not shown why they are more at risk than the thousands of aliens who sue the Government in habeas proceedings, over denied benefits, or other challenges to agency action.

Third, Plaintiffs' argument is essentially that litigating in the hot button topic of immigration entitles them to the use of pseudonyms. But debates over policies and politics do not warrant pseudonyms in civil litigation. *See, e.g.*, *Brnovich v. Biden*, No. 21-CV-01568, 2021 WL 7630109 (D. Ariz. Dec. 15, 2021) (denying pseudonym to federal employee suing the Biden administration over vaccine mandate); *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (denying pseudonyms to aliens in "challeng[ing] Virginia's alleged policy of denying college admission to illegal aliens").

Fourth, Plaintiffs seek permission to proceed under pseudonyms and to file redacted exhibits, but they offer only generalized assertions regarding immigration status and speculative concerns regarding potential adverse consequences of disclosure. Such conclusory allegations do not overcome the public's presumptive right of access to judicial records. *See SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).

Finally, Plaintiffs bear the burden of demonstrating that their privacy interests substantially outweigh the public's interest in open judicial proceedings. *See S. Methodist Univ. Ass'n of Women L. Students*, 599 F.2d at 712-13; *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981). Here, Plaintiffs merely argue that Defendants "will face no prejudice from this anonymity" and "the public's interest in open courts will not be meaningfully impinged by permitting Plaintiffs to make the limited redactions involved here." ECF No. 14 at 1-2. These arguments fall short of the required threshold. Plaintiffs' Motion fails to demonstrate why the Court should allow departure from the ordinary rule that parties litigate in their own name. Accordingly, the redactions that Plaintiffs seek involving pseudonyms are unwarranted.

For the reasons described herein and in Defendants' Opposition to Plaintiffs' Motion for Leave to Proceed Under Pseudonym and to Seal Declarant's Identities, this Court should partially deny Plaintiffs' Motion for Leave to File Redacted Exhibits. Defendants do not oppose redactions related to personally identifiable information ("PII"), third parties, and potential class members.

DATED: July 7, 2026                    Respectfully Submitted,

                                       BRETT A. SHUMATE
                                       Assistant Attorney General
                                       Civil Division

                                       SAMUEL P. GO
                                       Assistant Director

                                       */s/ Brian V. Schaeffer*
                                       BRIAN V. SCHAEFFER
                                       Trial Attorney
                                       U.S. Department of Justice, Civil Division
                                       Office of Immigration Litigation
                                       P.O. Box 878, Ben Franklin Station
                                       Washington, D.C. 20044
                                       Tel: (202) 598-7311
                                       Brian.schaeffer@usdoj.gov

SHANE A. YOUNG
Trial Attorney

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant, and all other registered participants:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Kyle Virgien (*pro hac vice*)
Rita Lomio (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
npp_rlomio@aclu.org
npp_fhernandez@aclu.org

ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Fabiola Alvelais
Edgar Saldivar
Adriana Pinon
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Brian V. Schaeffer*
BRIAN V. SCHAEFFER
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation