**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| Gerald Akari Angye, *et al.*, <br><br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, *et al.*, <br><br><br><br><br> *Defendants*. | Case No. 3:26-cv-1515-LS |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM AND TO SEAL DECLARANTS' IDENTITIES**

Plaintiffs offer this reply in support of their Motion, ECF No. 12, to protect the identities of Plaintiff ZOR and declarants NYG, SNM, PKP, UEG, LLH, RES, HOK, CCD and JLE ("Anonymous Declarants"). Analysis of sealing, redaction, and pseudonymity "requires the court to balance the private and public interests" in disclosure. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (per curiam).

In opposing Plaintiffs' motion, the Government repeatedly mischaracterizes the applicable standard in this circuit: they argue, continually, that Plaintiffs have failed to overcome the "*strong* presumption" favoring public access to judicial records. *See* ECF No. 21 at 2–4, 7–8 (emphasis added). "But this [circuit] has repeatedly refused to so characterize the public access presumption as 'strong' or require a strong showing of proof." *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (collecting cases). This presumption is simply "*one* of the interests to be weighed." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 n.4 (5th Cir. 1993) (citation omitted).

In alignment with the public interest in open courts, Plaintiffs request only modest redactions concealing the identities of Plaintiff ZOR and Anonymous Declarants. "At the center of the reasons for public access is the people's right to hold the judiciary accountable." *League of United Latin Am. Citizens v. Abbott*, EP-21-CV-00259-DCG-JES-JVB, 2022 WL 2806850, at *8 (W.D. Tex. July 18, 2022) ("*LULAC*") (citations omitted). "[T]he public interest is therefore not in being able to identify any one Plaintiff [or declarant], but in being able to follow the case to determine how the constitutional issues are resolved." *E.B. v. Landry*, No. CV 19-862-JWD-SDJ, 2020 WL 5775148, at *6 (M.D. La. Sep. 28, 2020) (citation modified); *see also LULAC*, 2022 WL 2806850, at *8 ("There is little need to know the Association Members' identity in order for the public to know the basis of Plaintiffs' claims."). To that end, "redaction is often practicable and

appropriate as the least restrictive means of safeguarding sensitive information," *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023), and "anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981).

The little burden imposed on the public right of access here is heavily outweighed by the private interests at stake. The Fifth Circuit has identified three factors common in anonymous-party suits which "deserve considerable weight" in the analysis: first, plaintiffs "challenge governmental activity"; second, the suit includes or calls for disclosure of "information 'of the utmost intimacy'"; and third, plaintiffs had "to admit their intention to engage in illegal conduct." *Id*. at 185–86. These factors are not prerequisites to pseudonymity; they were not all present in *Stegall* itself. *Id*. at 186. Instead, they illustrate risks which can justify pseudonyms. *Id*. The considerations underlying each factor weigh heavily for Plaintiffs' request for pseudonymity.

### A. Plaintiffs are challenging governmental action.

To start, Plaintiffs request pseudonymity in an action against the Government, which, as the Fifth Circuit has explained, means their suit does not implicate the potential for reputational harm that might arise in a suit against a private party. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). The Government relies on *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), to argue that pseudonymity is *less* appropriate because this suit challenges governmental conduct. ECF No. 21 at 7. But that misreads *Richmond Newspapers* and, again, ignores Fifth Circuit precedent. To start, *Richmond Newspapers* had nothing to say about pseudonymity; it instead concerned the "right to attend criminal trials." 448 U.S. at 580. And the Fifth Circuit has explicitly held that the "crucial interests served by open trials [discussed in *Richmond Newspapers*] are not inevitably compromised by allowing a party to proceed anonymously." *Stegall*, 653 F.2d at 185 (citation omitted).

2

**B. Plaintiff ZOR and Anonymous Declarants reveal information of the utmost intimacy.**

Courts, including courts in this district, have "repeatedly recognized that a plaintiff's vulnerable immigration status is sufficiently sensitive and personal in nature to warrant the use of a pseudonym." *C.M. v. United States*, No. SA-21-CV-00234-JKP, 2021 WL 1822305, at *2 (W.D. Tex. Mar. 31, 2021) (citing *Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases)) (citation omitted). The Government argues the opposite but fails to address this line of cases. ECF No. 21 at 3-4. Here, the vulnerable immigration statuses of Plaintiff ZOR and Anonymous Declarants will immediately become ascertainable to the public from their participation in this case absent pseudonymity, the revelation of which can subject individuals to adverse consequences including "criminal prosecution, harassment, and intimidation." *Hisp. Int. Coal.*, 691 F.3d at 1247. Plaintiff ZOR and Anonymous Declarants credibly fear such consequences should their immigration statuses be revealed. ECF No. 12 at 2–3, 8–9.[1]

Moreover, other extremely sensitive, private, and stigmatizing information would be revealed to the public if Plaintiff ZOR and Anonymous Declarants are not permitted to proceed pseudonymously. This includes severely degrading or traumatizing personal information relating to HIV status, sexual abuse, and histories of mental illness and/or abuse. ECF No. 12 at 6; SNM Decl. ¶¶ 18–19, 35 (HIV status); NYG Decl. ¶¶ 17–19, 21, 23, 25–26 (mental illness; suicide attempt); CCD Decl. ¶¶ 7, 13, 28–30 (sexual assault; mental illness); HOK Decl. ¶ 4, 9, 11 (abuse); PKP Decl. ¶ 28–29 (abuse); ZOR Decl. ¶¶ 11, 51 (mental illness). Each weighs heavily in favor of permitting pseudonymity. *See, e.g.*, *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (pseudonymity justified to protect privacy of HIV status, history of abuse, and history of mental

---

[1] Against this weight of authority, the Government cites one out-of-circuit case denying pseudonymity based on immigration status—*Doe v. Merten*, 219 F.R.D. 387 (E.D. Va. 2004). ECF No. 21 at 6. But *Merten* did not involve detained and formerly detained individuals, and the court utilized a different test than is used in the Fifth Circuit. *Merten*, 219 F.R.D. at 388, 391–92.

illness); *Doe v. CoreCivic, Inc.*, No. 4:20-CV-01828, 2020 WL 3640058, at \*2 (S.D. Tex. July 6, 2020) (same, for victim of sexual assault).

The Government has no real answer to this reality. Instead, they assert, without analysis, that Plaintiff ZOR and Anonymous Declarants do not reveal highly sensitive and personal information. ECF No. 21 at 4–5. But that ignores the content of the declarations submitted here. The Government also illogically argues that Plaintiff ZOR and Anonymous Declarants may not proceed anonymously because some Plaintiffs have chosen to forgo pseudonymity. ECF No. 21 at 4. However, one plaintiff's decision to pursue—or not to pursue—a pseudonym does not bind the others. *See, e.g.*, *Williams v. N.M. State Univ.*, 348 F.R.D. 694, 706 (D.N.M. 2025) (mixed pseudonym statuses); *J.Z. v. U.S. Dep't of Homeland Sec.*, No. CV 26-1510, 2026 WL 1470530, at \*5 (D.D.C. May 26, 2026) (same). The question before the Court is not whether other Plaintiffs *could* have requested pseudonymity, but whether Plaintiff ZOR and Anonymous Declarants, who *did*, may proceed pseudonymously. The answer here is yes.

### C. Plaintiff ZOR and Anonymous Declarants reasonably fear retaliation and violence.

Also weighing in favor of permitting pseudonyms is the fact that Plaintiff ZOR and Anonymous Declarants reasonably fear retaliation should their names and participation in this lawsuit be made public. *See Stegall*, 653 F.2d at 186 (exposure to "an opprobrium analogous to the infamy associated with criminal behavior" justifies pseudonymity); ECF No. 12 at 7–9 (history of retaliation). The Government categorizes this fear of retaliation as "speculative" and invokes the "presumption of regularity." ECF No. 21 at 5 (citing *United States v. Chem. Found.*, 272 U.S. 1, 14–15 (1926)). But this presumption is frequently overcome, including when the government retaliates against noncitizens. *See generally* Ryan Goodman et al., *The "Presumption of Regularity" in Trump Administration Litigation (4th Edition)* (Mar. 19, 2026), https://www.justsecurity.org/120547/presumption-regularity-trump-administration-litigation/

(collecting cases); *see also* ECF No. 12 at 7 (citing cases of retaliation against noncitizens for raising complaints about conditions of confinement).

Here, the presumption is overcome because detainees at Camp East Montana have already been subject to retaliation for speaking out against conditions of confinement. ICE officials attempted to remove a detainee to Mexico after he spoke to a journalist about the death of Geraldo Lunas Campos, a fellow detainee. Antonio Frometa Ascon Decl. ¶¶ 11–13, ECF No. 12-3, *In re Lunas Pagan*, No. 3:26-cv-00104-DB, (W.D. Tex. Feb. 25, 2026). Another witness was cut off from phone access for eleven days after he saw guards force Mr. Lunas Campos into solitary confinement. Santos Jesus Flores Decl. ¶¶ 5–8, 14, ECF No. 12-3, *Lunas Pagan*, No. 3:26-cv-00104-DB. Plaintiff ZOR and Declarant NYG knew Mr. Lunas Campos and fear that what happened to him, or to the witnesses to his death, could happen to them. ZOR Decl. ¶ 40; NYG Decl. ¶ 20; *see also* ECF No. 12 at 7–8 (examples of violence and intimidation).

Plaintiff ZOR and Anonymous Declarants also reasonably fear that, in the event that they are deported, they will suffer "violent reprisals if their identities are disclosed." *See Stegall*, 653 F.2d at 186; *see, e.g.*, *Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (pseudonym allowed on that basis); *Doe v. Dep't of Homeland Sec.*, No. CV 22-5172, 2023 WL 372085, at *3 (E.D. La. Jan. 24, 2023) (same). These are not generalized fears; Plaintiff ZOR and Anonymous Declarants have submitted evidence demonstrating *particularized* risks of violent reprisals in their home countries. S*ee* ZOR Decl. ¶ 4 (family members killed); SNM Decl. ¶ 3 (assault due to sexual orientation); PKP Decl. ¶ 28 (past persecution from police); CCD Decl. ¶ 7. Plaintiff ZOR's and Anonymous Declarants' fear of violence should they be deported counsels for pseudonymity.

Plaintiff ZOR's and Anonymous Declarants' overwhelming interests in anonymity overcome the limited public interest in their identities, so their names should be protected.

5

Dated: July 14, 2026

Respectfully submitted,

*/s/ Alana Park*
TEXAS CIVIL RIGHTS PROJECT
Alana Park
Texas Bar No. 24150568
Zachary Dolling
Texas Bar No. 24105809
Charlotte Weiss (application for admission pending)
New York Bar No. 6313639
P.O. Box 17757
Austin, Texas 78760
(512) 474-5073 ext. 162
alana@texascivilrightsproject.org
zachary@texascivilrightsproject.org
cweiss@texascivilrightsproject.org

Dustin Rynders
Texas Bar No. 24048005
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108
Houston, Texas 77251
(832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Daniel Hatoum
Texas Bar No. 24099136
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
(956) 787-8171 ext. 127
daniel@texascivilrightsproject.org

FARELLA BRAUN + MARTEL LLP
Jim Day (CA SBN 197158)
Cynthia A. Castillo (TX SBN 24097474)
Raven Quesenberry (CA SBN 346250)
Hilary C. Krase (CA 318762) (*pro hac vice*)
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4400

/s/ *Savannah Kumar*
ACLU FOUNDATION OF TEXAS, INC
TX Bar No. 24120098
 Fabiola Alvelais
TX Bar No. 24146029
Edgar Saldivar
TX Bar No. 24038188
Adriana Pinon
TX Bar No. 24089768
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Rita Lomio*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Rita Lomio (*pro hac vice*)
Kyle Virgien (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
npp_rlomio@aclu.org
kvirgien@aclu.org
npp_fhernandez@aclu.org

Carmen Iguina Gonzalez (*pro hac vice*)
Elisa Epstein (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel.: (202) 393-4930
ciguinagonzalez@aclu.org
eepstein@aclu.org

6

Fax: (415) 954-4480
jday@fbm.com
ccastillo@fbm.com
rquesenberry@fbm.com
hkrase@fbm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record.

*/s/ Savannah Kumar*