**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| Gerald Akari Angye, *et al.*, <br><br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. Immigration and Customs Enforcement, *et al.*, <br><br><br><br> *Defendants*. | Case No. 3:26-cv-1515-LS |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE REDACTED EXHIBITS**

Plaintiffs file this reply in support of their motion to redact exhibits. *See* ECF No. 14. The Government does not oppose the requested redactions related to personally identifiable information (such as medical records and A-numbers), third parties, and potential class members. ECF No. 22 at 4. The Government only opposes redactions of the names of Plaintiff ZOR and declarants NYG, SNM, PKP, UEG, LLH, RES, HOK, CCD and JLE ("Anonymous Declarants"). *Id.* Plaintiffs direct the Court to their reply in support of their motion for pseudonymity, *see* ECF No. 24, setting out in detail why the Government's arguments lack merit and why Plaintiffs' request for pseudonymity should be granted in full. Plaintiffs summarize those arguments below.

Analysis of redaction and pseudonymity "requires the court to balance the private and public interests" in revealing or concealing information. *Sealed Appellant v. Sealed Appellee*, No.

1

22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (per curiam). Here, Plaintiff ZOR's and Anonymous Declarants' privacy interests vastly outweigh the public interest in judicial records.

The Fifth Circuit primarily considers three factors in evaluating requests to redact a plaintiff's identity and identifying information: 1) whether the suit "challenge[s] governmental activity"; 2) whether the suit requires disclosure of "information of the utmost intimacy"; and 3) whether that disclosure risks retaliation and harassment "analogous to the infamy associated with criminal behavior." *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. Unit A Aug. 1981) (citation modified). Each factor favors granting pseudonymity and redaction in this case.

First, this litigation challenges the "constitutional, statutory, or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979); ECF No. 12 at 5; ECF No. 24 at 2. Unlike suits between private parties, suits against Government defendants "involve no injury to the Government's 'reputation.'" *Wynne & Jaffe*, 599 F.2d at 713. This weighs in favor of granting Plaintiffs' motion.

Second, challenging the conditions at Camp East Montana has required Plaintiff ZOR and Anonymous Declarants to disclose highly sensitive information like their medical records and immigration statuses. ECF No. 14 at 2; ECF No. 24 at 3, 5. Courts have repeatedly held that disclosure of stigmatizing or traumatizing personal information, like HIV status and history of physical and sexual abuse, supports granting pseudonymity and redaction. *See, e.g.*, *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020); *Doe v. CoreCivic, Inc.*, No. 4:20-CV-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020). And contrary to the Government's position, ECF No. 21 at 3–4; ECF No. 22 at 3, many courts, including courts in this district, have "repeatedly recognized that a plaintiff's vulnerable immigration status is sufficiently sensitive and personal in nature to warrant the use of a pseudonym." *C.M. v. United States*, No. SA-21-CV-00234-JKP, 2021 WL

2

1822305, at *2 (W.D. Tex. Mar. 31, 2021) (citing *Hisp. Int. Coal. of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases)) (citation omitted); *see also J.Z. v. U.S. Dep't of Homeland Sec.*, No. CV 26-1510, 2026 WL 1470530, at *2 (D.D.C. May 26, 2026) (granting pseudonymity and leave to file redacted exhibits under seal to five ICE detainees); *cf.* ECF No. 24 at 3–4. Plaintiff ZOR and Anonymous Declarants have divulged this exact information—information related to medical records, HIV status, history of sexual abuse, history of mental illness, and their immigration statuses—and therefore should receive the protections of pseudonymity and redaction. ECF No. 12 at 6.

Third, Plaintiff and Anonymous Declarants justifiably fear that revealing their identities would expose them to retaliation while detained by the federal government. The non-declarants covered in ECF No. 14 run the same risk. The Government has attempted to brush aside this fear as "speculative," ECF No. 21 at 5; ECF No. 22 at 3, but many courts have documented governmental retaliation against noncitizens who challenge governmental actions, including retaliation for challenging conditions of confinement at immigration detention centers. *See, e.g.*, *Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 934 (W.D. Tex. 2018) (humanitarian parole revoked in retaliation after speaking out on immigration policy); *Vetcher v. Immigr. & Customs Enf't*, No. 1:16-CV-0164-C, 2018 WL 11174809, at *15 (N.D. Tex. Nov. 29, 2018) (retaliatory transfer based on use of grievance system); *M.Q. v. United States*, 776 F. Supp. 3d 180, 193–95 (S.D.N.Y. 2025) (OSUP revoked after speaking out about experience in immigration detention); *Ortiz v. Orange Cnty.*, No. 23 CV 2802 (VB), 2024 WL 4905157, at *1–2, 4 (S.D.N.Y. Nov. 27, 2024) (restrictions, segregated confinement, confiscated items, repeated searches, disciplinary citations, and denial of access to attorneys in response to hunger striking and speaking out about conditions of confinement).

3

Those in detention are particularly vulnerable to governmental retaliation, and at least two detainees at Camp East Montana have recently experienced retaliation after speaking out about abuse by guards that led to the death of another detainee. ECF No. 24 at 5. Plaintiff ZOR and Anonymous Declarants are thus not similarly situated to "the thousands of aliens who sue the Government in habeas." ECF No. 21 at 5; ECF No. 22 at 3. They are detained in a facility where retaliation has been a consistent issue, *see* ECF No. 24 at 5, and they justifiably fear reprisals for participating in litigation that seeks to expose the poor conditions of their confinement.

Finally, the Government will not be prejudiced by protecting Plaintiff ZOR's and Anonymous Declarants' identities. The Plaintiffs' motion, ECF No. 12, seeks modest redactions of names and personally identifiable information, and ECF No. 14 only requests redactions from exhibits consisting of emails to the Government and its contractors—no information within these exhibits will be withheld. And the public's interest in open courts similarly will not be infringed by these minimal redactions. Plaintiffs do not seek to redact any substantive, factual information that would prevent the public from understanding the proceedings in this litigation. ECF No. 14 at 2. *Cf. J.Z.*, 2026 WL 1470530, at *4–5 (granting motion to seal exhibits including "[Plaintiffs'] sensitive immigration histories," "detailed medical information, as well as sensitive information detailing allegations of sexual assault," because such information "is not critical in aiding the public's understanding of the allegations asserted").

As noted above, the Government does not oppose Plaintiffs' request to redact personally identifiable information (such as medical records and A-numbers), third parties, and potential class members. The Government only opposes Plaintiffs' request to use pseudonyms for Plaintiff ZOR and Anonymous Declarants. Nonetheless, Plaintiffs have demonstrated that the privacy interests at stake in this litigation outweigh the public interest in judicial records for all requested redactions.

This is especially true because the requested redactions are minimal and will not reduce the public's understanding of the substantive issues in this case—the conditions at Camp East Montana. Instead, the redactions would safeguard vulnerable detainees' identities and sensitive information, including medical conditions, histories of physical and sexual abuse, and immigration statuses.

For the reasons presented herein, as well as in Plaintiffs' prior motions and reply, ECF Nos. 12, 14, 24, this Court should grant in full Plaintiffs' Motion for Leave to File Redacted Exhibits, ECF No. 14.

Dated: July 14, 2026

Respectfully submitted,

/s/ Alana Park
TEXAS CIVIL RIGHTS PROJECT
Alana Park
Texas Bar No. 24150568
Zachary Dolling
Texas Bar No. 24105809
Charlotte Weiss (application for admission pending)
New York Bar No. 6313639
P.O. Box 17757
Austin, Texas 78760
(512) 474-5073 ext. 162
alana@texascivilrightsproject.org
zachary@texascivilrightsproject.org
cweiss@texascivilrightsproject.org

Dustin Rynders
Texas Bar No. 24048005
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108
Houston, Texas 77251
(832) 767-3630 ext. 196

/s/ Savannah Kumar
ACLU FOUNDATION OF TEXAS, INC
TX Bar No. 24120098
Fabiola Alvelais
TX Bar No. 24146029
Edgar Saldivar
TX Bar No. 24038188
Adriana Pinon
TX Bar No. 24089768
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

/s/ Rita Lomio
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Rita Lomio (*pro hac vice*)

5

dustin@texascivilrightsproject.org

Daniel Hatoum
Texas Bar No. 24099136
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
(956) 787-8171 ext. 127
daniel@texascivilrightsproject.org

FARELLA BRAUN + MARTEL LLP
Jim Day (CA SBN 197158)
Cynthia A. Castillo (TX SBN 24097474)
Raven Quesenberry (CA SBN 346250)
Hilary C. Krase (CA 318762) (*pro hac vice*)
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4400
Fax:  (415) 954-4480
jday@fbm.com
ccastillo@fbm.com
rquesenberry@fbm.com
hkrase@fbm.com

Kyle Virgien (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
npp_rlomio@aclu.org
kvirgien@aclu.org
npp_fhernandez@aclu.org

Carmen Iguina Gonzalez (*pro hac vice*)
Elisa Epstein (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel.: (202) 393-4930
ciguinagonzalez@aclu.org
eepstein@aclu.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record.

*/s/ Savannah Kumar*