**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| GERALD AKARI ANGYE, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,<br><br>   Defendants. | Case No. 3:26-cv-1515 |

**DEFENDANTS' OPPOSED MOTION TO STAY BRIEFING ON CLASS CERTIFICATION**

Pursuant to Federal Rule of Civil Procedure 6(b), Defendants respectfully request that the Court stay briefing on Plaintiffs' Motion for Class Certification, ECF No. 2, until after the Court resolves the Defendants' upcoming motion to dismiss and the Parties have met and conferred about an appropriate briefing schedule on the class certification motion. Good cause exists to grant this motion.

1. Plaintiffs filed their Complaint on May 29, 2026. ECF No. 1. The next day, on May 30, 2026, Plaintiffs filed a Motion for Class Certification. ECF No. 2. The parties conferred and stipulated that the response to the Motion for Class Certification would be due July 16, 2026. ECF No. 18.

2. Defendants were served on June 12, 2026. Pursuant to FRCP 12(a)(2), Defendants' responsive pleading is due on August 11, 2026. Defendants intend to file a motion to dismiss on or before the deadline.

3. Defendants respectfully submit that it would promote judicial economy to stay briefing on class certification until after the Court has resolved the motion to dismiss. Addressing Defendants' motion before briefing class certification may "spare[] both the parties and the court a needless, time-consuming inquiry into certification." *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001); *see also Watkins v. Allstate Prop. & Cas. Ins. Co.*, 659 F. Supp. 3d 730, 732 (S.D. Miss. 2023), *aff'd*, 90 F.4th 814 (5th Cir. 2024) (same). The Fifth Circuit has recognized that "the class-certification stage [is] beyond the motion-to-dismiss stage." *Wilson v. Centene Mgmt. Co., L.L.C.*, 168 F.4th 217, 227 (5th Cir. 2026). This Court should resolve motions to dismiss before addressing class certification. *See E.B. v. Landry*, No. 19-862, 2020 WL 6439503, at

*2 (M.D. La. June 30, 2020) (finding that the plaintiffs' class certification motions were premature because the court had not ruled on pending motions to dismiss).

4. Even if Plaintiffs' claims are not entirely dismissed, staying briefing will avoid the inefficiency of briefing class certification without the benefit of knowing which claims and parties will remain in the case after the motions to dismiss are resolved. *Cf. Garcia v. Veneman*, 211 F.R.D. 15, 19 n.2 (D.D.C. 2002) ("Once the court disposes of a claim, the court need not consider the disposed-of claim as a basis for class certification."). It will also reduce the likelihood that class certification will need to be briefed twice, should Plaintiffs decide to amend their motion in response to the Court's ruling. *Cf. Edwards v. City of Tupelo, Mississippi*, No. 1:17-CV-13, 2019 WL 4643989, at *4 (N.D. Miss. Sept. 24, 2019) (denying "previous motions for class certification . . . as moot" after Plaintiff was permitted to amend his complaint in ways that bore on class certification); *Zachery v. Texaco Expl. & Prod., Inc.*, 185 F.R.D. 230, 234 (W.D. Tex. 1999) (noting that plaintiffs had amended class certification motion in response to court decision).

5. Moreover, no prejudice will result from delaying briefing on class certification. Should the Court grant Defendants' motion to dismiss, the pending certification motion may indeed soon become moot.

6. Delaying briefing on class certification also adheres to the Supreme Court's guidance that the Government officials should be spared "the concerns of litigation" while their motions to dismiss at the pleading stage are pending. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

7. On July 2, 2026, Defendants' counsel met and conferred with Plaintiffs' counsel on the instant motion. Plaintiffs' counsel noted that Plaintiffs oppose this motion.

For the foregoing reasons, Defendants respectfully request that the Court stay briefing on class certification until after the Court has resolved Defendants' motion to dismiss, at which point the Parties will meet and confer regarding a proposed briefing schedule.


DATED: July 15, 2026    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

BRIAN V. SCHAEFFER
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-532-4946
Shane.a.young@usdoj.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant, and all other registered participants:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Kyle Virgien (*pro hac vice*)
Rita Lomio (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
npp_rlomio@aclu.org
npp_fhernandez@aclu.org

ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Fabiola Alvelais
Edgar Saldivar
Adriana Pinon
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation