**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| GERALD AKARI ANGYE, NAVDEEP, ERIK IVAN RODRIGUEZ FLORES, and ZOR, on their own behalf and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, TODD LYONS, MARISA FLORES, ANGEL GARITE, U.S. DEPARTMENT OF HOMELAND SECURITY, MARKWAYNE MULLIN, U.S. DEPARTMENT OF WAR, and PETE HEGSETH, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §<br><br> Civil Action No.: 3:26-cv-1515-LS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO
STAY BRIEFING ON CLASS CERTIFICATION**

---

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON
CLASS CERTIFICATION**
48313\21216529.1

The Court should deny Defendants' Opposed Motion to Stay Briefing on Class Certification ("Motion to Stay"), ECF No. 26, because Defendants do not demonstrate good cause for a stay. Federal Rule of Civil Procedure 23 is clear that "the court must determine by order whether to certify the action as a class action" "at an early practicable time" after the initiation of an action. Fed. R. Civ. P. 23(c)(1)(A). In deciding whether to rule on a dispositive motion before addressing class certification, the Court should consider (1) "whether an early resolution on the merits protects both the parties and the court from needless and costly further litigation," and (2) "whether the ruling would prejudice any of the parties." *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 659 F. Supp. 3d 730, 732 (S.D. Miss. 2023), *aff'd,* 90 F.4th 814 (5th Cir. 2024) (citation modified). Defendants fail both prongs—and in doing so, fail to demonstrate good cause for a stay of briefing.

**A.    Defendants' Motion to Stay does not protect the parties and court from needless and costly litigation.**

First, Defendants have not established that resolution of their forthcoming Motion to Dismiss "protects both the parties and the court from needless and costly further litigation," (*id.*), because Defendants have not identified the basis (or bases) of that yet-to-be-filed Motion to Dismiss, including whether it will be made under Rule 12(b)(1), Rule 12(b)(6), or both. Without such information, Plaintiffs—and the Court—are forced to imagine the arguments Defendants may lodge in seeking to dismiss Plaintiffs' claims and how (if at all) those arguments might render class certification briefing unnecessary. Because Defendants' Motion to Stay fails to identify any basis for the forthcoming Motion to Dismiss, the Court cannot determine whether it will raise issues that should be decided before class certification. For this reason alone, the Court should deny the Motion to Stay.

Having failed to identify any basis for their Motion to Dismiss—and therefore any reason to believe that resolving the Motion to Dismiss before class certification will serve judicial

efficiency—Defendants instead appear to rely on an assumption that courts must always resolve a motion to dismiss before a motion for class certification. This is not so. As courts in this district have recognized, courts maintain discretion in managing their dockets and often resolve motions to dismiss and motions for class certification at the same time. *See, e.g., L.M.L v. Martin*, No. 1:26-CV-01170-DAE, 2026 WL 1355237, at *30 (W.D. Tex. May 14, 2026) (ruling simultaneously on both plaintiffs' motion to certify class and defendant's motion to dismiss); *Hiser v. NZone Guidance, LLC*, No. 1:18-CV-1056-RP, 2019 WL 2098091, at *1 (W.D. Tex. Mar. 27, 2019) ("[T]he Court is fully capable of managing its docket and prioritizing which motions it must resolve first. . . . In the interest of resolving the motions in this case expeditiously, the Court declines to stay [Defendant's] deadline to respond to Plaintiffs' motion for class certification."). Indeed, the Supreme Court has recognized that class certification issues may be decided before Article III issues, such as standing, when they are "logically antecedent." *Ortiz v. Fibreboard Corp*, 527 U.S. 815, 831 (1999). Defendants are therefore wrong to assume that class certification must, in every case, follow motion to dismiss practice.

**B.      Plaintiffs and the putative class are prejudiced by delaying the resolution of their class certification motion.**

Second, Plaintiffs and the putative class they seek to represent would be prejudiced by delayed briefing and resolution of their class certification motion. The unconstitutional conditions of confinement at Camp East Montana, including a broken healthcare delivery system and egregious physical abuse by guards, are an ongoing emergency for each and every putative class member detained there. *See generally* Compl. As detailed in the Complaint, although Camp East Montana has been operating for under a year, there have already been three reported deaths at the facility, including a man who was beaten to death after asking for his asthma inhaler (later ruled a homicide). *Id.* at ¶ 1. Plaintiffs are moving swiftly to obtain the documentation and evidence

needed to file a motion for a preliminary injunction, which they were unable to file with the Complaint and Motion for Class Certification given Defendants' refusal to produce medical records.[1] The Court, however, will not be able to grant Plaintiffs' requested class-wide preliminary relief without having certified a class, at least provisionally, for purposes of granting such relief. *See, e.g.*, Order, Dkt. 70 at 12, *L.T. et al. v. ICE*, 5:26-cv-00322 (C.D. Cal. May 5, 2026) (denying requested injunctive relief as not tied to the injuries of the named plaintiffs specifically and therefore impermissibly broad where "at this stage of the proceedings, there is no class certification or class representative"). Delaying briefing on class certification only further delays the desperately needed relief Plaintiffs are seeking through this action.

Moreover, until the Court rules on certification, absent class members are not parties to an action and are not represented by counsel. *See, e.g.*, *Criswell v. Frost Bank*, No. SA-24-CV-00327-XR, 2024 WL 4489681 at * 3 (W.D. Tex. Aug. 16, 2024), report and recommendation adopted, No. SA-24-CV-00327-XR, 2024 WL 4249846 (W.D. Tex. Sept. 18, 2024) ("[A] 'nonnamed class member' is not a party to a class action '*before the class is certified*.'") (quoting S*mith v. Bayer Corp.,* 564 U.S. 299, 313(2011)). Being a member of a certified class provides additional protections under Rule 23. *See, e.g.*, *In re Loc. TV Advert. Antitrust Litig*., No. 18 C 6785, 2022 WL 2439989, at *1-2 (N.D. Ill. July 5, 2022) (noting that "putative class members of an as-yet uncertified class" do not have "any heightened protection from discovery that might be available to absent class members after a class is certified.").

---

[1] Due to the urgent need for medical records to support a motion for preliminary injunction, on June 2, 2026, Plaintiffs filed a request for limited expedited discovery of 25 medical records. ECF No. 13 at 2 ("This limited set of documents is needed to allow Plaintiffs to move for urgent relief to protect the health and safety of the proposed Class, and in particular to provide the information necessary to determine the proper scope of a motion for preliminary injunction and to provide the best evidence to support such a motion."). Defendants have begun to produce the requested records, although they have not yet provided full and complete records for all 25 people.

C.    **The case law cited in Defendants' Motion to Stay is inapposite.**

Finally, Defendants' cited authority does not support a stay of briefing on class certification in this case. *Curtin v. United Airlines, Inc.*, actually supports Plaintiffs position, as the court recognized that "it is often more efficient and fairer to the parties to decide the class question first," and only "revers[ed] the usual order of disposition" because the district court had "readily and correctly perceived fatal flaws in plaintiffs' claims." 275 F.3d 88, 92 (D.C. Cir. 2001). Moreover, several of the cases Defendants rely on are procedurally distinct from the present case. For instance, in *Watkins*, "neither party ha[d] sought class certification pursuant to Rule 23(c)(1)," so the court was not declining to rule on a pending motion for class certification by ruling on the defendant's motion to dismiss. 659 F. Supp. 3d at 732. And in *Wilson v. Centene Mgmt. Co., L.L.C.*, the class certification motion was filed over a year and a half after the resolution of the motion to dismiss. 168 F.4th 217, 227 (5th Cir. 2026). Thus, Defendants' reliance on the language from *Wilson* is misleading: the court was merely describing that, in that instance, the procedural posture of the case meant that the class certification issue had arisen "beyond the motion-to-dismiss stage but before a motion for summary judgment." *Id*. The court was not announcing a rule for future cases. Further, in *E. B. v. Landry*, both the motion for class certification and the motion to dismiss had been fully briefed, allowing the court to consider the issues raised in both motions in deciding to stay its ruling on class certification. No. CV 19-862-JWD-SDJ, 2020 WL 6439503, at \*2 (M.D. La. June 30, 2020). Here, by contrast, Defendants rely on references to a not-yet-filed Motion to Dismiss to argue that briefing on the class certification should be stayed. But the Court cannot make an informed decision about whether to defer deciding the class certification issue without knowing which issues Defendants intend to raise in their forthcoming Motion to Dismiss.

In contrast to Defendants' inapposite authorities, numerous courts across the country have

---

recognized, in cases raising similar conditions of confinement complaints concerning immigration detention centers, that class certification questions can and should be addressed before any motion to dismiss, especially where plaintiffs request preliminary relief to remedy unsafe and egregious conditions. *See, e.g.*, Dkts. 87, 141, *Moreno Gonzalez et al v. Noem et al.*, 1:25-cv-13323 (N.D. Ill. Nov. 17, 2025) (granting class certification before motion to dismiss); Dkt. 138, 158, *Pablo Sequen v. Albarran et al.*, 5:25-cv-06487 (N.D. Cal. Nov. 25, 2025) (provisionally certifying class before motion to dismiss was filed); *see also* Dkt. 96, *Barco Mercado v. Mullin et al.*, 1:25-cv-06568 (S.D.N.Y. Sep. 17, 2025) (granting class certification early in the proceedings, before any motion to dismiss was filed); Dkt. 72, *Gomez Ruiz et al. v. ICE et al.*, 3:25-cv-09757 (N.D. Cal. Feb. 10, 2026) (granting class certification early in the proceedings, before any motion to dismiss was filed).

In sum, Defendants have not established that a stay would prevent needless and costly litigation and Plaintiffs and putative class members would be prejudiced by further delay. Defendants' Motion to Stay undermines, rather than promotes, judicial economy by creating needless motion practice. For these reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Cynthia A. Castillo*
Cynthia A. Castillo (TX SBN 24097474)
Jim Day (CA SBN 197158) (admitted)
Raven Quesenberry (CA SBN 346250)
(admitted)
Hilary C. Krase (CA 318762) (pro hac
vice forthcoming)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
jday@fbm.com
ccastillo@fbm.com
rquesenberry@fbm.com
hkrase@fbm.com

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
Kyle Virgien (pro hac vice)
Rita Lomio (pro hac vice)
Felipe Hernandez (pro hac vice)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
rlomio@aclu.org
npp_fhernandez@aclu.org

Carmen Iguina Gonzalez (pro hac vice)
Elisa Epstein (pro hac vice)
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel.: (202) 393-4930
ciguinagonzalez@aclu.org
eepstein@aclu.org

*/s/ Savannah Kumar*
Savannah Kumar
TX Bar No. 24120098
Fabiola Alvelais
TX Bar No. 24146029
Edgar Saldivar
TX Bar No. 24038188
Adriana Pinon
TX Bar No. 24089768
ACLU FOUNDATION OF TEXAS, INC.
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

Alana Park
Texas Bar No. 24150568
Zachary Dolling
Texas Bar No. 24105809
Charlotte Weiss (application for admission
pending)
New York Bar No. 6313639
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 17757
Austin, Texas 78760
(512) 474-5073 ext. 162
alana@texascivilrightsproject.org
zachary@texascivilrightsproject.org
cweiss@texascivilrightsproject.org

Dustin Rynders
Texas Bar No. 24048005
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108
Houston, Texas 77251
(832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Daniel Hatoum
Texas Bar No. 24138347
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
(956) 787-8171 ext. 127
daniel@texascivilrightsproject.org

Attorneys for GERALD AKARI ANGYE,
NAVDEEP, ERIK IVAN RODRIGUEZ
FLORES, and ZOR, on their own behalf and
on behalf of others similarly situated

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of July, 2026, all counsel of record who are deemed to have consent to electronic service are being served with a copy of this motion and related documents via the Court's CM/ECF system.

*/s/ Cynthia A. Castillo*
Cynthia A. Castillo (TX SBN 24097474)
Jim Day (CA SBN 197158) (admitted)
Raven Quesenberry (CA SBN 346250)
(admitted)
Hilary C. Krase (CA 318762) (pro hac
vice forthcoming)
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
jday@fbm.com
ccastillo@fbm.com
rquesenberry@fbm.com
hkrase@fbm.com

Attorneys for GERALD AKARI ANGYE,
NAVDEEP, ERIK IVAN RODRIGUEZ
FLORES, and ZOR, on their own behalf and
on behalf of others similarly situated