**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| GERALD AKARI ANGYE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No. 3:26-cv-1515 <br><br> **DEFENDANTS' REPLY IN SUPPORT OF ITS OPPOSED MOTION TO STAY BRIEFING ON CLASS CERTIFICATION** |

The Court should grant Defendants' Opposed Motion to Stay Briefing on Class Certification ("Mot. to Stay"), ECF No. 26, because Defendants have demonstrated good cause for a stay. "It is well within a district court judge's discretion to dispose of a motion to dismiss before acting on class certification. *Watkins v. Allstate Prop. & Cas. Ins. Co.*, 659 F. Supp.3d 730, 732 (S.D. Miss. 2023), *aff'd*, 90 F. 4th 814 (5th Cir. 2024); *E.B. v. Landry*, No. 19-862, 2020 WL 6439503, at *2 (M.D. La. June 20, 2020) (finding that the Plaintiffs Motion to Certify was premature because the court had not ruled on a pending motion[] to dismiss).

"Courts consider two factors when deciding whether to rule on a dispositive motion before addressing class certification: whether an early merits ruling (1) seems likely to protect both the parties and the court from needless and costly further litigation, or (2) would prejudice any of the parties." *Pothineni v. Chargarlamudi*, No. 4:25-CV-00800-ALM-BD, 2026 WL 554750, at *2 (E.D. Tex. Feb 23, 2026), *report and recommendation adopted*, No. 4:25-CV-00800-ALM-BD, 2026 WL 814544 (E.D. Tex. Mar. 24, 2026) (citing *Watkins*, 659 F. Supp. 3d at 732). These factors all support a stay of briefing on class certification pending a ruling on Defendants' upcoming motion to dismiss.

**A. The case law cited by Plaintiffs fails to overcome the fact that staying briefing on class certification protects the parties and the Court from needless and costly litigation.**

As explained on Defendants' Motion to Stay, resolving the motion to dismiss "seems likely to protect both the parties and the court from needless and costly further litigation," as doing so may moot out the class certification motion, whether by the grant of the dismissal motion or by the filing of amended complaint. *Pothineni*, 2026 WL 554750, at *2; *see* Mot. to Stay at 2-3. Plaintiffs' citation to *L.M.L v. Martin*, No. 1:26-CV-01170-DAE, 2026 WL 1355237, at *30 (W.D. Tex. May 14, 2026), Dkt. 28 at 2, does not apply to these facts as the Defendants in *L.M.L.* did not ask the court to stay briefing on class certification. Plaintiffs also rely on *Hiser v. NZone Guidance*, LLC, No. 1:18-CV-1056-RP, 2019 WL 2098091, at *1 (W.D. Tex. Mar. 27, 2019). Dkt 28 at 2. This reliance is also misplaced. *Hiser* presents a dissimilar argument about striking a motion for conditional class certification while deciding an issue about arbitration. *Hiser*, 2019 WL 2098091, at *1. Defendants are not requesting for the motion for class certification to be stricken, rather just for briefing to be stayed until the Court rules on the Motion to Dismiss. By staying the briefing on class certification, the parties and the Court are protected from needless litigation.

**B. Neither party is prejudiced by staying the briefing on Plaintiffs' Motion for Class Certification.**

Plaintiffs have not shown any case law to support where a court deemed their reasons as sufficient prejudice to deny a motion to stay class certification pending the resolution of a Motion to Dismiss. Neither Plaintiffs nor Defendants will be prejudiced by staying the briefing until the completion of the motion to dismiss stage in this case.

Plaintiffs argue that putative class members are prejudiced by staying the class certification briefing because they would be unable to seek preliminary injunctive relief absent class certification. Dkt. 28 at 3. This argument fails given that Plaintiffs have not even sought such relief.

Indeed, there can be no prejudice related to class wide injunctive relief when none has been sought. Delaying a ruling on class certification may actually protect putative class members in that a dismissal would only bind the named Plaintiffs and not putative class members. *See Lawson v. FMR LLC*, 554 F. Supp. 3d 186, 193 (D. Mass. 2021) (finding good cause to delay ruling on class certification until ruling on motion to dismiss).

**C. The case law cited in Defendants' Motion to Stay supports good cause.**

Good cause supports staying the briefing on class certification until the Court rules on Defendants' Motion to Dismiss. Plaintiffs argue that case law cited by Defendants is inapposite, yet none of the cases cited by Plaintiffs regarding a stay of briefing on class certification are within the Fifth Circuit. Nor, are any of the cases cited by Plaintiffs similar in litigation. Plaintiffs cite *Moreno Gonzalez et al v. Noem et al.*, 1:25-cv-13323 (N.D. Ill. Nov. 17, 2025), *Pablo Sequen v. Albarran et al.*, 5:25-cv-06487 (N.D. Cal. Nov. 25, 2025),  *Barco Mercado v. Mullin et al.*, 1:25-cv-06568 (S.D.N.Y. Sep. 17, 2025), and *Gomez Ruiz et al. v. ICE et al.*, 3:25-cv-09757 (N.D. Cal. Feb. 10, 2026) to argue "that class certification questions can and should be addressed before any motion to dismiss, especially where plaintiffs request preliminary relief to remedy unsafe and egregious conditions." ECF No. 28 at 6. Indeed, all of those cases involve a Plaintiff who had already filed a Temporary Restraining Order or Motion for Preliminary Injunction prior. Here, that is not the case.

Defendants will be moving to dismiss under Rules 8, 12(b)(1) and 12(b)(6) grounds, and at this time, there is no other request for relief from the Plaintiffs. If parties and claims are dismissed, Defendants arguments in class certification would also change. "[T]he class-certification stage [is] beyond the motion to dismiss stage. *Wilson v. Centene Mgmt. Co., L.L.C.*, 168 F.4th 217, 227 (5th Cir. 2026). Other courts in this Circuit have found class certification to be

premature before ruling on motion to dismiss. *See E.B. v. Landry*, No. 19-862, 2020 WL 6439503, at *2 (M.D. La. June 30, 2020).

Defendants respectfully request that the Court stay briefing on class certification until after the Court has resolved Defendants' motion to dismiss, at which point the Parties will meet and confer regarding a proposed briefing schedule.

DATED: July 29, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

BRIAN V. SCHAEFFER
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-532-4946
Shane.a.young@usdoj.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2026, I electronically filed the foregoing document

with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic

filing to the following CM/ECF participant, and all other registered participants:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Kyle Virgien (*pro hac vice*)
Rita Lomio (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
npp_rlomio@aclu.org
npp_fhernandez@aclu.org

ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Fabiola Alvelais
Edgar Saldivar
Adriana Pinon
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation