**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

|  |  |
|---|---|
| GERALD AKARI ANGYE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*, <br><br> Defendants. | Case No. 3:26-cv-1515 <br><br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |

On June 2, 2026, merely days after filing their Complaint, Plaintiffs moved the Court for early discovery, requesting medical records for 25 current or former detainees at Camp East Montana ("CEM"). ECF No. 13. Since then, Defendants have been working diligently—without the need for judicial involvement—to produce the medical records for 25 current or former detainees at CEM. In fact, as of today, Defendants have provided records for the 25 detainees that Plaintiff requested. While Defendants are still verifying whether the records produced for certain of these detainees are complete, Defendants continue to diligently search their records in order to ensure the completeness of this voluntary production. Plaintiffs' request for expedited early discovery of medical records that have already been produced is moot and should be denied. *See Fidelity & Deposit Comp. of Md. v. Greater SE Constr., LLC*, 2025 WL 888431, at *3 n.1 (S.D. Miss. Mar. 21, 2025) (finding motion to compel discovery moot when producing party produced responsive documents after the filing of motion to compel even if receiving party "takes issue that all such documents have been produced").

But even if the Court were to find that Plaintiffs' motion is not moot, Plaintiffs fail to demonstrate good cause for early discovery. Courts use a "good cause" standard when determining

whether to grant early discovery. *Cothran v. Koomson*, No. 4:20-cv-6450498, 2020 WL 6450498, at *1-2 (E.D. Tex. Nov. 3, 2020). No good cause exists here to authorize early discovery.

Plaintiffs assert that early discovery is necessary in order to file a motion for a preliminary injunction. ECF No. 13 at 6-8. But regardless of whether Plaintiffs in fact need additional information from Defendants to seek preliminary relief, Plaintiffs should have, at this time, sufficient information from Defendants to assess whether they believe a preliminary injunction related to medical care at CEM is necessary.[1] As stated before, Plaintiffs have received medical records for 25 detainees at CEM. And even if there are some records that may be supplemented in the near future for completeness—Defendants' produced additional medical records prior to this filing—Plaintiffs should have sufficient information at this time to assess whether a preliminary injunction is necessary. The Court should not alter the normal course of discovery and compel early discovery that is unnecessary for Plaintiffs to pursue a preliminary injunction.

DATED: July 17, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

BRIAN SCHAEFFER
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-451-7483

---

[1] At the time of this filing, Defendants have produced 3,562 pages of medical records.

Shane.a.young@usdoj.gov

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all registered participants:

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
