**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

GERALD AKARI ANGYE,
*et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Defendants.

Case No. 3:26-cv-1515

**OPPOSITION TO PLAINTIFFS' MOTION FOR RECUSAL UNDER 28 U.S.C. § 455(a)**

Defendants, by and through their respective undersigned counsel, hereby oppose Plaintiffs' motion seeking that the Honorable Leon Schydlower recuse himself from this matter pursuant to 28 U.S.C. § 455(a). The basis for Plaintiffs' motion is that Judge Schydlower serves as a reserve officer in the U.S. military.[1] *See generally* Mot., ECF No. 31. Defendants agree with Plaintiffs in that they "do not believe that Judge Schydlower has actual partiality that would prevent him from fairly adjudicating this matter. *Id.* at 1. But Plaintiffs fail to establish that Judge Schydlower's role as a reserve officer would cause his impartiality to be reasonably questioned. The motion should be denied.

Plaintiffs seek recusal under 28 U.S.C. § 455(a) —the catchall portion of the statute— which provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion to recuse is committed to the discretion of the district judge and will be reversed only upon showing an abuse of discretion. *Garcia v. Woman's Hosp. of Texas*, 143 F.3d 227, 229–30 (5th Cir. 1998). The United States Supreme Court has explained the goal of Section 455(a) is "to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Supreme Court added that,

> [i]f it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible.

*Id.*; *Hall v. Small Bus. Admin.*, 695 F.2d 175, 179 (5th Cir. 1983) (finding that Section 455 requires the judge to disqualify himself if a reasonable person, knowing all the circumstances, would harbor

[1] The Honorable Leon Schydlower *currently* serves as a Lieutenant Colonel in the United States Air Force Reserves. *See* *https://cbs4local.com/newsletter-daily/el-paso-texas-tx-leyon-schydlower-confirmed-by-us-senate-as-federal-district-court-judge-hanks-high-school-austin-university-school-of-law-navy-reserve-john-cornyn* (last visited Aug. 20, 2026) (emphasis added as this is the most current publicly available information).

doubts about his impartiality). The Fifth Circuit Court of Appeals has held that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir. 1995). The Fifth Circuit also acknowledged that "[t]he drafters of § 455 warned that 'each judge must be alert to avoid the possibility that those who would [seek his disqualification] are in fact seeking to avoid the consequences of his expected adverse decision.'" *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1264 (5th Cir. 1983) (quoting H.R. Rep. No. 1453, 93d Cong., 1st Sess. —— (1973), *reprinted in* 1974 U.S. Code Cong. & Ad.News 6351, 6352). Parties have "no right to a 'judge of their choice,'" and recusal under 28 U.S.C. § 455 was not designed for judge shopping. *Id.*

To begin, Defendants Department of War, ("DOW"), and Secretary Hegseth are not proper defendants in this action because they have no role, authority, or presence within the facility at Camp East Montana. While Plaintiffs name DOW and the Secretary Hegseth as parties to this action, *see* Compl. ¶ 29-30,[2] Plaintiffs do not allege DOW or the Secretary have engaged in any part of day-to-day operations of the detention facility—the challenged conduct in this case as to which Plaintiffs seek relief. *See id.* at Prayer for Relief. Plaintiff bases the inclusion of DOW and Secretary Hegseth as Defendants on CEM being located on the Fort Bliss Military Installation, and that "DOW has been responsible for aspects of the construction, contracting, and operation of Camp East Montana." Compl. ¶¶ 29-30, n. 16. That is the totality of Plaintiffs allegations against DOW and Secretary Hegseth.

[2] There is a scheduling order in this allowing Plaintiffs to amend their complaint by September 15, 2026. ECF No. 38.

Plaintiffs do not allege that DOW or Secretary Hegseth currently play a role in any aspect of facility management, nor do Plaintiffs allege DOW or Secretary Hegseth are currently advised on aspects of facility management. *See generally id*. In fact, DOW and Secretary Hegseth do not appear in the Complaint in any capacity outside of paragraphs 29 and 30 where they are named as parties. *Id*. There are certainly no factual allegations in the Complaint concerning actions of DOW or Secretary Hegseth towards detainees or facility operations. *Id*. Indeed there are no allegations that either of these Defendants have any role in the administration of immigration laws, or immigration detention within the United States. The Court cannot require the DOW or Secretary Hegseth to take or not take an action to which they have no authority for in the first instance. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." (alterations in original) (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235–36 (3d ed. 2004))). Plaintiffs do not seek to challenge a DOW policy, rule, practice, or regulation. Instead, in this suit, Plaintiffs seek to challenge detention facility conditions, and the 2025 NDS solely within the control of ICE and DHS. *Cf.* 5 U.S.C. § 702 (an APA injunction "shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance") (emphasis added). In short, Plaintiffs seek injunctive relief on the day-to-day operations of an immigration detention center; they seek no relief related to DOW or Secretary Hegseth.

Plaintiffs argue that Judge Schydlower must rescue himself because he "is currently employed by the [DOW]." ECF No. 31 at 9. Plaintiffs are wrong. The Fifth Circuit has held that "Congress has declared in unequivocal terms that inactive reservists and those on active duty for

training are not federal employees." *Woods v. Covington Cnty. Bank*, 537 F.2d 804, 810 (5th Cir. 1976). By statute:

> A reserve of the armed forces who is not on active duty or who is on active duty for training is deemed not an employee or an individual holding an office of trust or profit or discharging an official function under or in connection with the United States because of his appointment, oath, or status, or any duties or functions performed or pay or allowances received in that capacity.

5 U.S.C. § 2105(d). The House Report indicated the legislation was intended "to more clearly define the status of reserve officers not on active duty or on active duty for training only." H. Rep. No. 1884, 71st Cong., 2d Sess., pp. 2, 3. Plaintiffs' argument that Judge Schydlower, as a reserve officer, is employed by the DOW fails.

Plaintiffs incorrectly rely on *Maier v. Orr*. ECF No. 31 at 8 (citing *Maier v. Orr*, 758 F.2d 1578 (Fed. Cir. 1985)). Reliance on the fact that the Judge in *Maier* was not a member of the reserves is misplaced. Footnote 3 in *Maier* is not making a distinction between active service and reserve service; it is there to continue the factual correction that the accusation that Judge Maier "is a Reserve Brigadier General in the Air Force" was factually incorrect in that Judge Maier was retired and not associated with the Air Force Reserves. *Maier*, 758 F.2d at 1581. Ultimately, the court in *Maier* found the recusal motion was frivolous and the "falsely based motion has wasted judicial resources and has diminished the ready availability of those resources to deserving litigants." *Id.* at 1584.

No reasonable person would believe that Judge Schydlower would be impartial in the present case. To believe that a presiding judge who is a reserve military officer would be impartial in a standard conditions of confinement case involving immigration detention seeking future injunctive relief from Department of Homeland Security agencies is a stretch. Plaintiffs seek no relief from DOW. Moreover, arguing that any potential upcoming promotion for a reserve military

officer would be impacted by his rulings in this case is completely speculative and borders on the absurd. "A 'remote, contingent, or speculative' interest is not one 'which reasonably brings into question a judge's partiality.'" *Matter of Billedeaux*, 972 F.2d 104, 106 (5th Cir. 1992) (quoting *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988)).

For all these reasons, the Court should deny Plaintiffs' recusal motion in its entirety.

DATED: August 21, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

*/s/ Brian V. Schaeffer*
BRIAN V. SCHAEFFER
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 598-7311
Brian.schaeffer@usdoj.gov

SHANE A. YOUNG
Trial Attorney

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 21, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant, and all other registered participants:

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Kyle Virgien (*pro hac vice*)
Rita Lomio (*pro hac vice*)
Felipe Hernandez (*pro hac vice*)
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770
kvirgien@aclu.org
npp_rlomio@aclu.org
npp_fhernandez@aclu.org

ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Fabiola Alvelais
Edgar Saldivar
Adriana Pinon
P.O. Box 8306
Houston, TX 77288
Tel. (713) 942-8146
Fax (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org
apinon@aclutx.org

*/s/ Brian V. Schaeffer*
BRIAN V. SCHAEFFER
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation