# EXHIBIT 31

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Rita Lomio
Senior Counsel
National Prison Project
ACLU National Legal Department

**VIA EMAIL ONLY**

August 25, 2026

Shane A. Young
Trial Attorney
United States Department of Justice
Civil Division, Office of Immigration Litigation
Shane.A.Young@usdoj.gov

RE: Medical Records

Dear Shane:

I am writing to follow up on several matters related to Defendants' failure to produce complete medical records. In an effort to continue to work with Defendants in good faith to resolve Plaintiffs' motion for limited expedited discovery, and to avoid having to burden the court with unnecessary motion practice, we have outlined in this letter the areas where we understand the parties have a dispute or potential dispute concerning the production of medical records and ask for information to help us determine whether the parties can resolve the remaining issues collaboratively.

In the meantime, we intend to ask for an extension of time to file our reply in support of our motion for limited expedited discovery to September 10, 2026. **Please let us know Defendants' position on an extension of time by 5 pm tomorrow.**

Protective Order

Thank you for sending a draft protective order on August 19, 2026. After reviewing it, rather than going back and forth with redlines, we propose that the parties instead use the protective order that U.S. Immigration and Customs Enforcement ("ICE") recently negotiated and filed in another federal class action lawsuit that raises similar claims, *Gomez Ruiz v. ICE*, No. 26-CV-2546 (E.D. Cal.), which was entered as an order of the court last week. ACLU National Prison Project serves as class counsel in that case.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Given the similarity of the issues presented in both cases, that protective order more fully addresses the issues we can expect in this litigation. Its use here will also avoid further delay, as it already has been approved by Plaintiffs' counsel and ICE.

Attached please find Plaintiffs' proposed protective order based on *Gomez Ruiz*. You will see in redline where we made changes. (Please note that we did not use track changes when updating the names of the parties, facility, contractor, and attorneys, or when removing extra spaces.) The primary change, other than updating references to local rules and removing references to an external monitor, is to reflect the fact that in *Gomez Ruiz* a class has already been certified and Plaintiffs' counsel was able to get medical records prior to filing the complaint from the facility directly, without needing to seek expedited discovery. We therefore adjusted the language here to reflect that this protective order applies to anyone who was or is detained at Camp East Montana, as a class has not yet been certified in this case. We also added language to cover the handling of medical and other records concerning deceased individuals, such as the records for Francisco Gaspar Andres, for whom Defendants already produced medical records.

Given that Defendants now are changing their original position and declining to produce medical records until a protective order is in place, it is imperative that we finalize this protective order expeditiously.

Please let us know **by next Monday, August 31, 2026**, if you agree to Plaintiffs' proposal that the parties here use the ICE-approved protective order in *Gomez Ruiz*, with the revisions we suggest to reflect the facts and circumstances in our case.

In addition, we would like to get a meeting on calendar next Monday (August 31) or Tuesday (September 1) to discuss any remaining issues. **Please let us know your availability on those days.**

. . . .
. . . .
. . . .
. . . .



425 California Street, Suite 700, San Francisco, CA 94104 | rlomio@aclu.org | (415) 772-0942

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Incomplete Medical Records

Your email dated August 21, 2026, stated that "[t]he contractor has attested to/verified the completeness of the medical records." However, as we have explained, the records are clearly missing critical information, including medication administration records (MARs), labs and lab reports, sick call requests, and consultation reports. We are particularly concerned that ICE and its contractor were unable to identify or locate missing records specifically identified with citation to Bates numbers in my email dated August 11, 2026.

You ask that Plaintiffs "provide a consolidated specific list of any records they believe remain outstanding." We will provide you that list as soon as possible. In the meantime, given that it appears ICE and/or its contractor may have lost or destroyed medical records, we ask that you provide the following information **by September 4, 2026**:

1. Please provide copies of any and all document retention letters that were sent to ICE, its contractors, and/or its subcontractors related to medical records concerning individuals who are or were detained at Camp East Montana.

2. Please provide a signed acknowledgement by whomever conducted the search for medical records that what has been produced to Plaintiffs' counsel represents the complete medical record, including all MARs, labs and lab reports, sick call requests, and consultation reports, from Camp East Montana for all 25 patients.

Withholding of Medical Records

We are concerned about Defendants' shifting positions on the production of medical records and the continued delay in their production. Most recently, on August 14, 2026, you stated that additional medical records had been located but "there were some issues with access limitations" and that ICE was "working on fixing those issues and once they can review and send to me, we can get those over to you." A week later, you refused to produce those or any other records without first having a protective order filed, apparently abandoning Defendants' previous position (shared during a July 13, 2026 meet and confer) that the production of medical records could proceed with the



425 California Street, Suite 700, San Francisco, CA 94104 | rlomio@aclu.org | (415) 772-0942

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

understanding that the parties would later negotiate a protective order.* It is hard to understand why Defendants are now going back on the process they themselves proposed over a month ago. Moreover, as we explained by email and during the meet and confer on July 13, 2026, Plaintiffs have produced signed releases and are therefore entitled to records without a protective order or any other restriction.

To help us understand the nature of the parties' current dispute and whether court intervention is necessary, we request the following information **by September 1, 2026**:

3. What basis do Defendants have to withhold medical records of people who have signed releases authorizing production of medical records to Plaintiffs' counsel?

Process for Producing Medical Records Outside of Litigation

Finally, we repeatedly have requested an explanation for why our requests for medical records sent in writing to ElPaso.Outreach@ice.dhs.gov, as directed by Defendant Garite on May 6, 2026, have been ignored. We have asked for information about that during our meet and confer on July 13, 2026, and by emails dated June 17, July 20, July 27, and August 10.

As I explained in my email dated August 10, 2026, the lack of clear information on this issue is extraordinary; the failure of ICE and its contractor to produce medical records from Camp East Montana is in violation of its own policies and the law. In other litigation, we have been able to work out a system where medical records from an ICE detention facility are produced to us within days of a request.

. . . .
. . . .
. . . .
. . . .

* Counsel for Defendants represented at that time that they had a draft protective order that needed to go through internal review.



425 California Street, Suite 700, San Francisco, CA 94104 | rlomio@aclu.org | (415) 772-0942

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

**By September 1, 2026**, please provide the following information:

4. The date by which you will provide complete medical records for all people we have submitted written requests and signed releases for. This includes people we sent signed releases for to ElPaso.Outreach@ice.dhs.gov on May 18, May 19, May 22, June 11, June 15, July 2, August 7, and August 21, 2026.

5. ICE's expectation for how quickly facility staff produce medical records to patients or their representatives after receiving a written request.

* * *

If you have any questions or concerns about any of the above, please let me know. And again, please let us know your availability next Monday or Tuesday to discuss the protective order and any other issues.

Sincerely yours,

Rita Lomio

Encl.: Plaintiffs' Proposed Protective Order



425 California Street, Suite 700, San Francisco, CA 94104 | rlomio@aclu.org | (415) 772-0942