**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

GERALD AKARI ANGYE, *et al.*,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, *et al.*,

Defendants.

Case No. 3:26-cv-1515

**DEFENDANTS' OPPOSED MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 31)**

Defendants, through undersigned counsel, respectfully request that this Court extend the briefing deadlines for the parties to respond to Plaintiffs' Motion for Preliminary Injunction (ECF Nos. 52 -54) by seven days. Defendants request the Court grant the following amendments to the deadlines:[1]

1. Defendants shall file their Motion to Dismiss and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction by November 23, 2026.
2. Plaintiffs shall file their Reply in Support of their Motion for Preliminary Injunction by December 22, 2026.
3. Plaintiffs shall file their Response in Opposition to Defendants' Motion to Dismiss by December January 4, 2026.

[1] The parties' initial agreement held the following filing deadlines: 1. Defendants shall file their Motion to Dismiss and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction by November 16, 2026; 2. Plaintiffs shall file their Reply in Support of their Motion for Preliminary Injunction by December 15, 2026; 3. Plaintiffs shall file their Response in Opposition to Defendants' Motion to Dismiss by December 21, 2026; 4. Defendants shall file their Reply in Support of their Motion to Dismiss by January 11, 2027.

4. Defendants shall file their Reply in Support of their Motion to Dismiss by January 25, 2027.

Defendants submit there is good cause to grant this motion even though it is opposed.

Plaintiffs filed their Motion for Preliminary Injunction on October 15, 2026. *Id*. (showing a filing time of 10:16PM, 10:54PM, and 11:32PM). In total, ECF Nos. 52-54 contain 1,249 pages of memorandum and supporting evidence. Due to the extensive size of the filing, the parties met and conferred from October 20 through October 27, 2026, on a joint stipulated briefing schedule. That schedule was submitted to this Court and subsequently granted on October 28, 2026. *See* ECF Nos. 56, 57.

Within their Preliminary Injunction Filing, Plaintiffs submitted 45 declarations from individuals who are alleged to have been detained at Camp East Montana. *See* ECF Nos. 52, 54. In total, these declarations encompass 154 pages of allegations against the Defendants, their staff, and the facility. *Id*. On October 26, 2026, at 3:19 PM EST (1:19 PM MST), undersigned counsel requested the full names and alien registration numbers ("A#s") of all the declarants who alleged they were detained at Camp East Montana. Defendants requested that these be delivered by 12:00 PM EST on October 27, 2026. Defendants noted in this request that without this information, they were unable to properly investigate the claims and allegations made in Plaintiffs' supportive Declarations.

On October 27, 2026, at 12:28 PM EST (10:28 MST), Plaintiffs, through counsel, responded that they were working on a substantive response and could not produce the names and A#s in that quick of a turnaround. Plaintiffs also noted that one of the individuals under pseudonym was identified in a separate declaration. Almost immediately, at 12:35 PM EST (10:35 AM MST),

Defendants responded asking for an estimate of when Plaintiffs could anticipate having the full list of names and A#s.

Plaintiffs responded at 5:24 PM EST (3:24 PM EST) that they would not have a substantive response until end of day on October 28, 2026. On October 28, 2026, at 6:50 PM EST (4:50 PM MST), Plaintiffs responded with the following message:

> For people whose declarations were filed at ECF No. 52-10 through ECF No. 52-29, and ECF No. 53-3 through ECF No. 53-10, you already have their names. Albina Cristobal was not detained at Camp East Montana. For the remaining declarants, Defendants held them in custody at Camp East Montana and should have their A numbers, which are assigned by DHS. As a courtesy, we will provide the A numbers for those whose declarations were filed at ECF No. 52-10 through ECF No. 52-29 (excluding Ms. Cristobal), but ask that you first confirm that you will not publicly disclose their A numbers in any court filing.
>
> As for the declarations that appear at ECF No. 54-3, we filed the declarations as they were provided to Defendants in December 2025. *See* ECF No. 54 ¶¶ 2-4. In the letter accompanying them, we explained that "[a]ll detainees are proceeding under pseudonym in light of the threat of retaliation by ICE." ECF No. 54-2 at 5 n.9. For the purposes of Plaintiffs' motion for preliminary injunction, those declarations are meant only to show notice to Defendants of inhumane and abusive conditions at Camp East Montana. As a result, we will not be providing the names and A numbers of those declarants.

At 7:50 PM EST (5:50 PM MST), Defendants acknowledged Plaintiffs' response and submitted the following:

> Thank you for the response. In reference to the declarants on ECF 52, Defendants will not release any individuals A#s in any public filing. Please provide those numbers as soon as possible.
>
> In reference to the Declarants in ECF 54-3, Defendants cannot defend against the allegations of "inhumane and abusive conditions" without knowing the identity of the individual making the allegations. Further, Defendants cannot verify these individuals were ever at Camp East Montana without any identifying information.
>
> Defendants request Plaintiffs disclose the A#s of the Declarants in ECF 54-3 by 12pm EST.

At 12:09 PM EST (10:09 AM MST), Plaintiffs submitted the full names and A#s of all Declarants in ECF 52—19 Declarants in total. In their response to the Defendants, Plaintiffs did not produce

the names or A#s of the remaining 26 Declarants in ECF 53 or ECF 54. Plaintiffs argued that they produced the declarations found in ECF 54 to U.S. Immigrations and Customs Enforcement in December of 2025, and as such, Defendants have no right to now demand their identities. It should be noted that the declarations were redacted and anonymous in December of 2025—as they are currently filed—and that there was no legal action attached to the production. Plaintiffs additionally state that because these specific declarations "do not appear in [their] summary of declarations" or in other supporting documents, Defendants do not have a right to their identities.

That same day, at 1:30 PM EST (11:30 AM MST), the parties met and conferred via video conference. Following that meet and confer, Plaintiffs agreed to strike the Declarations contained in ECF 54-3, and that they would follow up with a proposed filing to do so.

In eliminating the declarations in ECF 54-3, that left 7 declarations from 5 individuals contained in ECF 53, Ex. 2 that Defendants had requested A#s for. On Friday, October 30, 2026, at 1:25 PM EST (11:25 AM MST), Defendants, through counsel, *again* requested the A#s and full legal names of the Declarants contained in ECF 53, Ex. 2. At 1:36 PM EST (11:36 AM MST), Plaintiffs sent the following response:

> The A number for LLH is []. I do not have the A numbers for the others you list (ECF No. 53-3 through ECF No. 53-9). As we explained in our filing two weeks ago, we obtained those declarations from public court filings. *See* ECF No. 53 ¶ 3. Again, Defendant DHS assigns A numbers and should be able to readily identify them for people who are or were in custody. Is there a reason DHS is not able to do so?

Defendants' counsel, after checking with the Defendant agencies noted in an email sent at 3:58 PM EST (1:58 PM MST) that by searching for name only, they could only partially verify that 2 of the 5 declarants *may* have been detained at Camp East Montana ("CEM"). And that without a birthdate or A#, there was no way to verify that the declarant was indeed detained at CEM for some period of time. Shortly after, at 4:17 PM EST (2:17 PM MST), Plaintiffs' counsel directed

Defendants' counsel to reach out to the government counsel in *In re Pagan*, as the declarations came from that litigation. At 4:45 PM EST (2:45 PM MST), Defendants' counsel sent the following reply:

> That individual is with the USAO out of San Antonio. I can certainly reach out to him to see if he readily has that information available. However, any delay in his response—considering it is a Friday afternoon—should not be used against the government here in this specific litigation.

Over this past weekend, Defendants, through counsel, received what they believe to be the A#s for the remaining 5 declarants in ECF 53, Ex. 2, from ICE. Defendants have yet to receive confirmation from the U.S. Attorney's Office out of San Antonio, that these are indeed the same individuals. Nevertheless, Plaintiffs maintain their opposition for an extension based on their inability to provide identifying information for Declarants they are relying on.

The Declarants' allegations cover a substantial portion of Plaintiffs' request for preliminary injunction, ranging from access to medical care, to placement in special housing units, to use of force by guards. But Defendants were unable to investigate their allegations without knowing who these individuals are, when they were detained, what part of the facility they were detained in, and any other useful information that would come from having their full identity. This Court also cannot make an informed ruling without Defendants being able to investigate the veracity of the Declarants' allegations. As it stood up until the end of last week, Defendants had no way to say whether the Declarations were even made by individuals who were ever detained at Camp East Montana.

Further, this case is subject to a protective order. *See* ECF 47. Plaintiffs' delay of production of a seemingly easy request for Declarants' A#s due to an alleged fear of public leaks or retaliation is therefore unjustified and put Defendants at a significant disadvantage in responding to Plaintiffs' already lengthy Motion for Preliminary Injunction.

Thus, Defendants submit there is good cause to grant this extension to cover the time period between the request and receipt of the names and A#s of the 45 Declarations submitted by Plaintiffs in support of their Motion for Preliminary Injunction.

Accordingly, Defendants respectfully request the Court to extend the deadline to respond to Plaintiffs' Motion for Preliminary Injunction until November 23, 2026. A proposed order is attached.

DATED: November 4, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SAMUEL P. GO
Assistant Director

BRIAN SCHAEFFER
Trial Attorney

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Tel: 202-451-7483
Shane.a.young@usdoj.gov

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2026, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all registered participants:

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation