**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

Gerald Akari Angye, *et al.*,

*Plaintiffs*,

v.

U.S. Immigration and Customs Enforcement, *et al.*,

*Defendants*.

Civil Action No.: 3:26-cv-1515-LS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THE DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 58)**

Plaintiffs respectfully oppose Defendants' motion for extension of time to respond to Plaintiffs' Motion for Preliminary Injunction. ECF No. 58. Plaintiffs normally do not oppose reasonable requests for extensions of time and have agreed to many extensions requested by Defendants in this case – indeed, Defendants have requested, and Plaintiffs have agreed to, months-long extensions to file a motion to dismiss. ECF No. 37; ECF No. 49. However, the latest extension of time requested by Defendants to respond to the Motion for Preliminary Injunction is unreasonable and goes beyond the schedule the parties agreed to (and the Court ordered) last week. Plaintiffs' Motion for Preliminary Injunction sets out the urgent need for relief from the conditions at the facility that have already resulted in multiple deaths and that continue to place the putative class in harm's way. *See* ECF No. 52 at 33–34 (explaining irreparable harm). Defendants' attempt to void that recently agreed-to and ordered briefing schedule now is baseless. Their sole justification is delay in requesting and receiving declarants' Alien Registration Numbers ("A-Numbers"), information that they could have obtained on their own.[1] They do not – and cannot – contend that Plaintiffs hid these declarants' names. In fact, shortly after filing their Motion for Preliminary Injunction, Plaintiffs provided a key correlating pseudonyms used by declarants referenced in Dr. Keller's medical analysis with these declarants' full names. Instead, Defendants' motion is about purported delays in providing A-Numbers, which Defendant DHS assigns, for people that Defendant ICE held in its custody. Defendants should not receive an extension based on information they did not even request from Plaintiffs until after they negotiated, and this Court entered, the briefing schedule. *See* ECF No. 57. Nor should they receive this extension when Plaintiffs promptly addressed Defendants' requests for information.

The parties met and conferred regarding Plaintiffs' Motion for Preliminary Injunction on October 21–22, 2026, and agreed to a briefing schedule that balanced the urgency of the relief Plaintiffs require with the time Defendants needed to meaningfully respond, taking into

[1] An A-Number is a unique identifying number that Defendant DHS assigns to immigrants. U.S. Citizenship and Immigration Services, *A-Number / Alien Registration Number / Alien Number (A-Number or A#)* (last visited Nov. 4, 2026), https://www.uscis.gov/glossary-term/50684 [https://perma.cc/9T87-MD7J].

consideration staffing and upcoming holidays. *See* ECF No. 56. The parties agreed that Defendants will file their Motion to Dismiss and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction by November 16, 2026, and Plaintiffs planned their response and reply schedules accordingly. The parties reached this agreement approximately a week after Plaintiffs filed their Motion for Preliminary Injunction, giving Defendants plenty of time before entering the stipulation to review the motion and determine how much time they needed to respond. At no point during the negotiations did Defendants raise the issue of needing additional information from Plaintiffs. This Court ordered the stipulation on October 28, 2026. *See* ECF No. 57.

Two days after the Court ordered the agreed-upon stipulation, Defendants requested information about declarants from Plaintiffs for the first time. Defendants are now requesting an extra seven days to file both their Motion to Dismiss and their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction on the basis that they previously lacked the A-Numbers for every declarant despite having declarants' full names.

The Court should reject Defendants' extension request because it is based on a supposed need for information that Defendants were well aware of while negotiating an extension with Plaintiffs but never disclosed. As an initial matter, it is not clear why supporting documents from a Motion for Preliminary Injunction should affect Defendants' ability to file a Motion to Dismiss. Regardless, Defendants cannot establish good cause for yet another extension by invoking a circumstance they had every opportunity to raise during scheduling negotiations but failed to identify before securing Plaintiffs' agreement to the existing extension.

Defendants' request for a seven-day extension is also unwarranted because Plaintiffs promptly responded to their request for A-Numbers – and addressed it for most declarants in well under seven days. Moreover, Defendants are large governmental investigative agencies that assign A-Numbers, maintain those identifiers in internal databases, and held the relevant declarants in their custody. They therefore could have obtained the information themselves and are better positioned to retrieve identifiers they generated and maintain. Plaintiffs, by contrast, must request A-Numbers from declarants and obtain their consent before sharing those identifiers with the

government. Defendants improperly base their motion on a purported need to obtain from Plaintiffs information that Defendants already possess.

Defendants demanded A-Numbers for several sets of declarants on October 26, 2026. ECF No. 58 at 2. The timelines in which Plaintiffs responded to these requests are not in dispute. First is the set of people whose declarations Plaintiffs' counsel obtained and filed with their Motion for Preliminary Injunction. Even though Defendants are not entitled to declarants' A-Numbers from Plaintiffs at this stage of litigation, Plaintiffs as a courtesy still provided Defendants with the A-Numbers for this set of people within three days of Defendants' request. ECF No. 58 at 3 (describing response at 10:09 am MST on October 29, 2026). Plaintiffs responded on a reasonable timeframe to Defendants' request for these declarants' A-Numbers, and this set of declarants cannot support Defendants' request for a seven-day extension.

Second is a set of declarations that were attached to a December 8, 2025, letter that several advocacy groups sent Defendants about abusive conditions at Ft. Bliss. Plaintiffs cited this letter to show that Defendants were on notice of the poor conditions at the facility, but they did not cite those declarations in their brief. Defendants nonetheless demanded those declarants' A-Numbers, and Plaintiffs have agreed to moot out any dispute on this issue by filing a forthcoming motion to withdraw those declarations from the public docket in this case. ECF No. 58 at 4. These declarations, which will not be part of the preliminary injunction record, cannot support Defendants' extension request.

Third is the set of declarants whose declarations Plaintiffs' counsel downloaded from the public docket of a separate case against the federal government. *See* ECF No. 53 ¶ 3 (explaining that Plaintiffs had obtained these declarations from public filings in another case). Plaintiffs obtained those declarations from the public docket, but Defendants have access to those declarants' information because that case names the federal government as defendant. *See In re Pagan*, No. 3:26-cv-00104-DB, ECF No. 21 (W.D. Tex. Jan. 30, 2026) (ordering the government not to deport these declarants and to make them available for deposition). On Friday, October 30, 2026, Plaintiffs suggested that counsel for Defendants contact their fellow DOJ attorneys in the other

case as that information should be in their possession. ECF No. 58 at 4–5. That same day, counsel for Defendants said they would do so. *Id.* at 5. Defendants' lawyers in this case have apparently not heard back from the government's lawyers in *In re Pagan*. *Id.* Defendants' counsel nonetheless state that they have obtained "what they believe to be the A#s for" this set of declarants from their client ICE. *Id.* Defense counsel received the information they seek about this third set of declarants from their own client and are in communication with government counsel in a separate case that also has this information. Delays in these communications between attorneys and clients cannot justify the extension Defendants seek.

Defendants' attempts to show good cause for this further extension fall particularly flat when weighed against the urgent need for relief. Plaintiffs' experts, who each have decades of leadership experience in correctional systems, sound the alarm that the putative class is held at "a facility in crisis," where they risk "serious injury and death at the hands of guards not trained in appropriate use of force and deescalation techniques" and face "a poorly functioning healthcare delivery system" that puts "all people at risk of harm, including serious injury and death." ECF No. 52-2 at ¶¶ 19, 22; ECF No. 52-3 at ¶ 23. Plaintiffs have already agreed to reasonable extensions that will permit Defendants a full opportunity to respond. The Court should adhere to this agreed-upon briefing schedule and should deny Defendants' requests to further delay the relief that the putative class desperately needs.

Dated: November 4, 2026

Respectfully submitted,

*/s/ Kyle Virgien*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
Rita Lomio (CA 254501) (*pro hac vice*)
Kyle Virgien (CA 278747) (*pro hac vice*)
Felipe Hernandez (CA 338468) (*pro hac vice*)
425 California Street, 7th Floor

*/s/ Savannah Kumar*
ACLU FOUNDATION OF TEXAS, INC.
Savannah Kumar
Texas Bar No. 24120098
Fabiola Alvelais
Texas Bar No. 24146029
Edgar Saldivar

San Francisco, CA 94104
Tel.: (415) 343-0770
rlomio@aclu.org
kvirgien@aclu.org
npp_fhernandez@aclu.org

Carmen Iguina Gonzalez (*pro hac vice*)
915 15th Street NW, 7th Floor
Washington, D.C. 20005
Tel.: (202) 393-4930
ciguinagonzalez@aclu.org

FARELLA BRAUN + MARTEL LLP
Jim Day (CA 197158) (*admitted*)
Cynthia A. Castillo (TX 24097474)
Raven Quesenberry (CA 346250) (*admitted*)
Hilary C. Krase (CA 318762) (*pro hac vice*)
One Bush Street, Suite 900
San Francisco, California 94104
Tel.: (415) 954-4400
Fax: (415) 954-4480
jday@fbm.com
ccastillo@fbm.com
rquesenberry@fbm.com
hkrase@fbm.com

Texas Bar No. 24038188
P.O. Box 8306
Houston, TX 77288
Tel.: (713) 942-8146
Fax: (713) 942-8966
skumar@aclutx.org
falvelais@aclutx.org
esaldivar@aclutx.org

Zachary Dolling
Texas Bar No. 24105809
Charlotte Weiss (application for admission pending)
New York Bar No. 6313639
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 17757
Austin, Texas 78760
Tel.: (512) 474-5073 ext. 162
zachary@texascivilrightsproject.org
cweiss@texascivilrightsproject.org

Dustin Rynders
Texas Bar No. 24048005
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 1108
Houston, Texas 77251
Tel.: (832) 767-3630 ext. 196
dustin@texascivilrightsproject.org

Daniel Hatoum
Texas Bar No. 24099136
TEXAS CIVIL RIGHTS PROJECT
P.O. Box 219
Alamo, Texas 78516
Tel.: (956) 787-8171 ext. 127
daniel@texascivilrightsproject.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record.

*/s/ Savannah Kumar*
Savannah Kumar

*Counsel for Plaintiffs*